## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOY STEINBAUGH, on behalf of herself
and all others similarly situated,

          Plaintiff,

v.

COBB & COLE, P.A., a Florida Corporation,
and ADMIRALTY CLUB CONDOMINIUM
ASSOCIATION, INC., a Florida Corporation,

          Defendants.
_____/

Case No.: 6:15-cv-861-orl-41TBS

**CLASS REPRESENTATION**
**INJUNCTIVE RELIEF SOUGHT**
**JURY TRIAL DEMANDED**

FILED

### CLASS ACTION COMPLAINT

      Plaintiff, JOY STEINBAUGH, by and through her undersigned attorneys, files this action against the Defendants, COBB & COLE, P.A. ("COBB COLE") and ADMIRALTY CLUB CONDOMINIUM ASSOCIATION, INC. ("ACCA"), and alleges:

## I.   INTRODUCTION

      1.    This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*

      2.    This action arises out of the illegal manner in which COBB COLE attempts to collect consumer debts. COBB COLE's standardized Collection Letters and Notices misstate the law regarding when a lien can be filed, and circumvents the protections given to consumers by requiring consumers to dispute the validity of their debts in writing and by leading consumers to believe that they had less than thirty days to obtain verification of the debt in violation of both the FDCPA and FCCPA.

3. Plaintiff also brings an individual claim against ACCA for violations of the FCCPA, stemming from the unlawful threats to file a lien on her property in circumvention of Florida law.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to the Plaintiff's action occurred in this State and this district, where the Plaintiff resides in this State and this district, and where the Defendants transact business in this State and this district.

## III. PARTIES

6. Plaintiff, JOY STEINBAUGH ("Plaintiff" or "Ms. Steinbaugh"), is a natural person who resides in Volusia County, Florida. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

7. Defendant COBB & COLE, P.A. ("COBB COLE"), is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and a "person" as referred to in Fla. Stat. § 559.72, and has a principal address 149 S. Ridgewood Avenue Suite 700, Daytona Beach, Florida. Upon information and belief, COBB COLE regularly collects debts on behalf of others, including but not limited to condominium and homeowner's associations. COBB COLE's correspondence to Plaintiff and the Class expressly state: "we are hereby giving notice of our attempt to collect the debt, the amount of which is reflected in this letter, and any and all information obtained will be used for that purpose."

8.      Defendant ADMIRALTY CLUB CONDOMINIUM ASSOCIATION, INC. ("ACCA") is a condominium association and a "person" as referred to in Fla. Stat. § 559.72, and has a principal address of 3606 S. Peninsula Drive, Port Orange, Florida.

## IV.   FACTUAL ALLEGATIONS

9.      Ms. Steinbaugh allegedly incurred a "consumer debt." as that term is defined under 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1), to the ACCA.  The debt was for allegedly delinquent condominium association assessments in connection with her primary residence, a condominium unit.

10.     Upon information and belief, COBB COLE regularly collects consumer debts in its ordinary course of business.

11.     On or about September 8, 2014, COBB COLE sent Plaintiff the collection letter (herein referred to as the "September 8, 2014 Letter" or "Collection Letter") attached as Exhibit "A," which allegedly seeks to collect a consumer debt incurred for personal, family or household use.  Plaintiff received this letter shortly after it was mailed.

12.     Plaintiff's debt was allegedly delinquent, in default, or considered to be in default, at the time COBB COLE was assigned to collect the debt.

13.     Exhibit "A" appears to be a form Collection Letter, generated by a computer.

14.     On information and belief, Exhibit "A" is a form letter used by COBB COLE as its initial demand letter issued to debtors it has been retained to collect from.

15.     The pertinent parts of Exhibit "A" provide:

The law firm of Cobb Cole has the privilege of representing the Admiralty Club Condominium Association ("Admiralty Club"). ...

Your assessments are now seriously overdue and your unit is subject to having a lien placed on it. ...

3

**Demand is hereby made that you make payment of $1,658.72 on or before 5:00 p.m. EST on October 8, 2014.** ... If you fail or delay on making your payment, the interest, costs, and fees will continue to increase. The Admiralty Club will place a lien upon your unit thirty (30) days following the date of this letter. The Admiralty Club has authorized this law firm to take all legal action, including placing a lien and foreclosing on its lien to collect the unpaid assessment.

...

Exhibit A (emphasis in original).

16. Defendant's September 8, 2014 Letter also contains a form disclosure Notice. Upon information and belief, the form Notice on page 2 of the Letter is a standardized notice included in all communications (initial and otherwise) between COBB COLE and the debtors it seeks to collect debts from. The Notice states:

**In the event the undersigned attorney is deemed to be a debt collector within the meaning of the Fair Debt Collection Practices Act, we are hereby giving notice of our attempt to collect the debt, the amount of which is reflected in this letter, and any and all information obtained will be used for that purpose. Unless the undersigned is notified, *in writing*, within thirty (30) days, we will assume the debt is valid. If we are notified in writing within thirty (30) days, we will either obtain verification of the debt or obtain a copy of the instrument upon which it is based. Additionally, upon written request, we will provide the name and address of the original creditor to which the obligation is owed. *The thirty (30) day period does not preclude proceeding with litigation in this matter.***

Exhibit A (emphasis in original).

17. Plaintiff received other letters from COBB COLE that included the same standardized Notice.

18. The Notice contained in Defendant's September 8, 2014 Letter and other letters sent to Plaintiff severely misstate the law, and circumvents the protection given by the FDCPA and Florida Statutes governing Condominium liens.

19. For instance, 15 U.S.C. § 1692g(a)(3) sets forth no limitation as to the manner in which a consumer can dispute the validity of the debt.

20.    However, in its Letters, COBB COLE states that in order to dispute the validity of the debt, Plaintiff must notify COBB COLE "in writing." COBB COLE's Notice emphasizes the words "in writing" by bolding, underlining and italicizing the words. The Notice does not allow for any other methods of communication, such as a phone call, email or facsimile from the consumer to dispute the validity of the debt. By requiring debtors to dispute the validity of their debts "in writing," COBB COLE has unlawfully attempted to curtail some of the debtors' rights, including those that are triggered when a consumer disputes the debt through oral statement.

21.    Every district court in this Circuit to have ruled on this issue has sided with the Ninth Circuit's reasoning in Camacho v. Bridgeport Financial, Inc., 430 F.3d 1078 (9th Cir.2005), which held that the plain language of § 1692g(a)(3) does not require a dispute to be in writing. See Baez v. Wagner & Hunt, P.A., 442 F.Supp.2d 1273 (S.D. Fla. 2006); Guerrero v. Absolute Collection Serv., Inc., 2011 WL 8183860 at *3-4 (N.D. Ga. Oct. 6, 2011); In re Turner, 436 B.R. 153, 157-58 (M.D. Ala. 2010).

22.    COBB COLE also violates the FDCPA by requiring notice of dispute within 30 days from the date of the letter. Although the Notice is silent as to when the thirty (30) days begins, the least sophisticated consumer only need to reference the preceding paragraph to understand that COBB COLE has limited the time period to "thirty (30) days following the date of this letter."

23.    The statute requires notice of dispute "within thirty days after receipt" of the collection notice. 15 U.S.C. § 1692g(a)(3) (emphasis added). COBB COLE's Letter and included Notice contains no such language. Such misstatements violate the statute because they lead debtors to believe that they have less than thirty days to respond." In re Turner, 2008 WL 4168488 (Bankr. M.D. Ala. Sept. 5, 2008).

24.     COBB COLE further violates the FDCPA by threatening to place a lien on Plaintiff's condominium unit in circumvention of the time requirements set forth by Florida law, specifically Fla. Stat. § 718.121.

25.     Fla. Stat. § 718.121 protects condominium owners such as Plaintiff and Class members by limiting the manner in which liens may be imposed upon their property. Section 718.121 provides in pertinent part:

> [N]o lien may be filed by the association against a condominium unit until **30 days after the date** on which a notice of intent to file a lien **has been delivered** to the owner ...

(Emphasis added).

26.     In relevant part, the September 8, 2014 Collection Letter reads:

> The Admiralty Club will place a lien upon your unit thirty (30) days **following the date of this letter**. The Admiralty Club has authorized this law firm to take all legal action, including placing a lien and foreclosing on its lien to collect the unpaid assessment.

(Exhibit "A") (emphasis added).

27.     The September 8, 2014 Collection Letter expressly states that a Lien will be placed against the Plaintiff's home 30 days "following the date of this letter." The language in the Collection Letter regarding when the lien will be placed against Plaintiff's home is unlawful because in Florida, a condominium association and its debt collectors cannot file a lien on a condominium unit "until 30 days after the date on which a notice of intent to file a lien has been delivered to the owner ... ." Fla. Stat. § 718.121.

28.     At all material times, ACCA was aware of COBB COLE's actions and was aware that COBB COLE was acting as its agent.

29.     Plaintiff has retained the undersigned counsel and is obligated to pay reasonable attorney's fees for services rendered.

6

## V.    CLASS ACTION ALLEGATIONS

30.    Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), Plaintiff brings this action for herself and on behalf of all other persons similarly situated.

31.    The Classes are defined as:

> **NOTICE CLASS (Counts I and II):** All Florida consumers who were sent a Notice from COBB COLE in connection with an attempt to collect a consumer debt, where the Notice was substantially similar or materially identical to the Notice contained in the Collection Letter delivered to Plaintiff (Exhibit A), within the applicable limitations period.

> **LIEN LETTER FDCPA CLASS (Count III):**   All Florida consumers who received a Collection Letter from COBB COLE in connection with an attempt to collect a consumer debt in regards to a condominium unit, where the Letter was substantially similar or materially identical to the Collection Letter delivered to Plaintiff (Exhibit A), within the applicable limitations period.

> **LIEN LETTER FCCPA CLASS (Count IV):**   All Florida consumers who received a Collection Letter from COBB COLE in connection with an attempt to collect a consumer debt in regards to a condominium unit, where the Letter was substantially similar or materially identical to the Collection Letter delivered to Plaintiff (Exhibit A), within the applicable limitations period.

32.    The Class Period for purposes of Counts I, II and III is one year prior to the filing of this Complaint, through the date notice of class certification is issued to the Class.

33.    The Class Period for purposes of Count IV is two years prior to the filing of this Complaint, through the date notice of class certification is issued to the Class.

34.    Plaintiff is unable to state the exact number of members of the Plaintiff Class(es) because that information is solely in the possession of Defendant COBB COLE.  However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of COBB COLE's business records.  Upon information and

belief, Plaintiff believes that the putative class(es) exceed several hundred consumers and is therefore so numerous that joinder of all members would be impracticable.

35.    Questions of law and fact common to the Plaintiff Class(es) exist and predominate over questions affecting only individual members, including, *inter alia*, the following:

(a)    Whether COBB COLE violated 15 U.S.C. § 1692g(a) by sending out Notices to Plaintiff and the Class that required the consumer to dispute the validity of the debt in writing;

(b)    Whether COBB COLE violated 15 U.S.C. § 1692g(a) by sending out Notices to Plaintiff and the Class that required notice of dispute within 30 days from the date of the letter instead of receipt of the letter;

(c)    Whether COBB COLE violated 15 U.S.C. §§ 1692e and e(10) by sending, or causing to be sent, Collection Letters which contain a notice that artificially shortens the statutory period during which Plaintiff and the Class had the right to dispute the validity of the alleged debt, and which made the false representation that Plaintiff and the Class had to dispute the debt <u>in writing;</u>

(d)    Whether COBB COLE violated 15 U.S.C. §§ 1692e, e(5), and e(10) by falsely threatening to place a lien on Plaintiff's and the Class's condominium units in 30 days after the date of the Collection Letter, and not in 30 days after receipt of the Collection Letter as required by Florida law;

(e)    Whether COBB COLE violated Fla. Stat. § 559.72(7) and (9) by falsely threatening to place a lien on Plaintiff's and the Class's condominium units in 30 days after the date of the Collection Letter, and not in 30 days after receipt of the Collection Letter as required by Florida law;

8

    (f)  Whether Plaintiff and the Class(es) are entitled to declaratory and injunctive relief under the FCCPA, specifically whether they are entitled to a permanent injunction prohibiting COBB COLE from further violations of the FCCPA.

  36.  The claims asserted by the named Plaintiff in this action are typical of the claims of the members of the Plaintiff Class(es) as defined above because, upon information and belief, COBB COLE uses form letters and notices that are routinely sent to consumers. The claims of the Plaintiff and of the Plaintiff Class(es) originate from the same conduct, practice, and procedure, on the part of COBB COLE. Plaintiff possesses the same interests and has suffered the same injuries as each Class member. There are no individual facts which distinguish the Plaintiff from other Class members that received debt collection Letters and Notices from COBB COLE.

  37.  The named Plaintiff will fairly and adequately represent and protect the interest of the members of the Plaintiff Class(es) because he has no interest antagonistic to the class he seeks to represent, and because the adjudication of his claims will necessarily decide the identical issues for other class members. Whether COBB COLE's debt collection letters and notices sent to Plaintiff violate the FDCPA and FCCPA is an issue that will be decided for all other consumers with identical letters and notices. There is nothing peculiar about the Plaintiff's situation that would make him inadequate as class representative. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

  38.  A class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class member will be relatively modest, compared to the expense and burden of individual litigation. It would be

impracticable for each Class member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive as individual statutory damages are capped at $1,000.00. It would be difficult, if not impossible, to obtain counsel to represent Plaintiff on an individual basis for such small claims. More importantly, the vast majority of Class members are not aware that the debt collection letters and notices used by COBB COLE violate the FDCPA and FCCPA, and a class action is the only viable means of adjudicating their individual rights. There will be no difficulty in the management of this litigation as a class action as the legal issues affect a standardized pattern of conduct by COBB COLE and class actions are commonly used in such circumstances.

39.     COBB COLE acted and refused to act on grounds generally applicable to the class, thereby making appropriate declaratory relief and corresponding final injunctive relief with respect to the Class as a whole. COBB COLE should be enjoined from sending out collection letters and notices that violate the FCCPA, such as the ones it sent to Plaintiff.

**COUNT I: VIOLATION OF FAIR DEBT COLLECTION
PRACTICES ACT § 1692g(a)**
**(Class Claim Against COBB COLE for "Notice" Violation)**

40.     Plaintiff, on behalf of herself and all others similarly situated, repeats and re-alleges each and every allegation contained in paragraphs 1 through 39 above as if fully set forth herein.

41.     This is an action seeking class-wide relief for violations of the FDCPA.

42.     The FDCPA was enacted to protect all consumers from debt collectors who seek to collect debts through illegal means and who engage in unfair and/or deceptive practices during the collection of a debt.

43.     At all material times herein, Plaintiff and Class members were "consumers" as defined by 15 U.S.C. § 1692a(3), since they are natural persons allegedly obligated to pay a consumer debt.

44.     At all material times herein, Plaintiff's debt and the debts of the Class members were "debts" as defined by § 1692a(5). See Malowney v. Bush/Ross, 2009 WL 3806161 (M.D. Fla. Nov. 12, 2009) (holding that homeowners assessments are debts under the FDCPA and FCCPA).

45.     At all material times herein, COBB COLE was a "debt collector" as defined by § 1692a(6), since it is engaged in the business of regularly collecting on debts in default for creditors such as developers and property owners associations.  COBB COLE's standardized letters include a statement that "we are hereby giving notice of our attempt to collect the debt" and references "the Fair Debt Collection Practices Act."

46.     For purposes of the claims brought in this action, the applicable standard under the FDCPA is "the least sophisticated" consumer test. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172-75 (11th Cir. 1985).

47.     COBB COLE sent Plaintiff and all Class members similar, if not identical, Notices contained in standardized letters.

48.     The FDCPA, section 1692g(a) provides in pertinent part:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

15 U.S.C. § 1692g(a).

49.     In relevant part, the Notice sent by COBB COLE to Plaintiff and the Class reads:

**Unless the undersigned is notified, _in writing_, within thirty (30) days, we will assume the debt is valid.**

(Exhibit "A")(emphasis in original).

50.     The Notice states that disputes must be in writing.  Exhibit "A".

51.     There is no language contained in subsection § 1692g(a)(3) which indicates that disputes must be made in writing, and the plain meaning is neither absurd in its results nor contrary to legislative intent.  Thus, there is no writing requirement implicit in § 1692g(a)(3).  The Notice sent by COBB COLE to Plaintiff and the Class violates § 1692g insofar as it states that disputes have to be made in writing.

52.     The right to dispute a debt orally is important because oral dispute of a debt is the simplest form and doing so precludes the debt collector from communicating the debtor's credit information to others without also including the fact that the debt is "in dispute."  15 U.S.C. § 1692e(8).

53.     District courts within the Eleventh Circuit have held that a debt collector's addition of the words "in writing" to subsection (a)(3) violate § 1692g.  See e.g. Baez v. Wagner & Hunt, P.A., 442 F.Supp.2d 1273, 1276–77 (S.D. Fla. 2006) (Judge Cohn held that by requiring debtors to dispute debts in writing, the debt collector curtailed some of the debtor's rights that were triggered under the statute by oral disputes).

54.     The Notice also violates § 1692g(a)(3) by requiring notice of dispute within 30 days from the date of the letter.  Although the Notice is silent as to when the thirty (30) days begins, the least sophisticated consumer only need to reference the preceding paragraph to understand that COBB COLE has limited the time period to "thirty (30) days following the date of this letter."

55.     The statute requires notice of dispute "within thirty days after *receipt*" of the collection notice. 15 U.S.C. § 1692g(a)(3) (emphasis added).   COBB COLE's Letter and included Notice contains no such language.

56.     Such misstatements violate the statute because they lead debtors to believe that they have less than thirty days to respond." In re Turner, 2008 WL 4168488 (Bankr. M.D. Ala. Sept. 5, 2008).

57.     By mailing, or causing to be mailed, notices stating that debtors have thirty days from the date of the letter to challenge the debt, Defendant led debtors to believe that they had less than thirty days to obtain verification of the debt.

58.     Accordingly, COBB COLE has violated 15 U.S.C. § 1692g(a) by mailing, or causing to be mailed to Plaintiff and the Class, the Notice which unlawfully requires notice of dispute to be made "in writing" and which circumvents the 30 day period proscribed by § 1692g(a)(3).

59.     As a direct and proximate result of COBB COLE's violations, Plaintiff and Class members have been harmed.   Plaintiff and Class members are entitled to actual damages, statutory damages under 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

60.     Plaintiff has retained the undersigned attorneys for the purposes of pursuing this matter against COBB COLE and is obligated to pay her attorneys a reasonable fee for services.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### (Class Claim Against COBB COLE for Notice Violations Under § 1692e)

61.     Plaintiff, on behalf of herself and all others similarly situated, repeats and re-alleges each and every allegation contained in paragraphs 1 through 39 above as if fully set forth herein.

62.     This is an action seeking class-wide relief for violations of the FDCPA.

63.     The FDCPA was enacted to protect all consumers from debt collectors who seek to collect debts through illegal means and who engage in unfair and/or deceptive practices during the collection of a debt.

64.     At all material times herein, Plaintiff and Class members were "consumers" as defined by 15 U.S.C. § 1692a(3), since they are natural persons allegedly obligated to pay a consumer debt.

65.     At all material times herein, Plaintiff's debt and the debts of the Class members were "debts" as defined by § 1692a(5).  See Malowney v. Bush/Ross, 2009 WL 3806161 (M.D. Fla. Nov. 12, 2009) (holding that homeowners assessments are debts under the FDCPA and FCCPA).

66.     At all material times herein, COBB COLE was a "debt collector" as defined by § 1692a(6), since it is engaged in the business of regularly collecting on debts in default for creditors such as developers and property owners associations.   COBB COLE's standardized letters include a statement that "we are hereby giving notice of our attempt to collect the debt" and references "the Fair Debt Collection Practices Act."

67.     COBB COLE sent Plaintiff and all Class members a similar, if not identical Letter.

68.     For purposes of the claims brought in this action, the applicable standard under the FDCPA is "the least sophisticated" consumer test.  See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172-75 (11th Cir. 1985).

69.     15 U.S.C. § 1692e and e(10) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any

> debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

70. COBB COLE violated 15 U.S.C. § 1692e and e(10) by sending, or causing to be sent to Plaintiff, a Letter which contains a notice that artificially shortens the statutory period during which Plaintiff had the right to dispute the validity of the alleged debt, and which made the false representation that Plaintiff had to dispute the debt in writing. See Exhibit A.

71. COBB COLE's communications substantially and materially misrepresent the debtor's rights, in violation of 15 U.S.C. § 1692e and e(10), because they impose unilateral restrictions on the debtor's right to dispute the alleged debts.

72. As a direct and proximate result of COBB COLE's violations, Plaintiff and Class members have been harmed. Plaintiff and Class members are entitled to actual damages, statutory damages under 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

73. Plaintiff has retained the undersigned attorneys for the purposes of pursuing this matter against COBB COLE and is obligated to pay her attorneys a reasonable fee for services.

## COUNT III: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### (Class Claim Against COBB COLE for Unlawful Lien Threat Under § 1692e)

74. Plaintiff, on behalf of herself and all others similarly situated, repeats and re-alleges each and every allegation contained in paragraphs 1 through 39 above as if fully set forth herein.

75. This is an action seeking class-wide relief for violations of the FDCPA.

76. The FDCPA was enacted to protect all consumers from debt collectors who seek to collect debts through illegal means and who engage in unfair and/or deceptive practices during the collection of a debt.

77. At all material times herein, Plaintiff and Class members were "consumers" as defined by 15 U.S.C. § 1692a(3), since they are natural persons allegedly obligated to pay a consumer debt.

78. At all material times herein, Plaintiff's debt and the debts of the Class members were "debts" as defined by § 1692a(5). See Malowney v. Bush/Ross, 2009 WL 3806161 (M.D. Fla. Nov. 12, 2009) (holding that homeowners assessments are debts under the FDCPA and FCCPA).

79. At all material times herein, COBB COLE was a "debt collector" as defined by § 1692a(6), since it is engaged in the business of regularly collecting on debts in default for creditors such as developers and property owners associations. COBB COLE's standardized letters include a statement that "we are hereby giving notice of our attempt to collect the debt" and references "the Fair Debt Collection Practices Act."

80. COBB COLE sent Plaintiff and all Class members a similar, if not identical Collection Letter.

81. For purposes of the claims brought in this action, the applicable standard under the FDCPA is "the least sophisticated" consumer test. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172-75 (11th Cir. 1985).

82. FDCPA section 1692e states in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

...

16

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

...

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e, e(5), and e(10).

83.     In relevant part, the September 8, 2014 Collection Letter reads:

The Admiralty Club will place a lien upon your unit thirty (30) days **following the date of this letter**. The Admiralty Club has authorized this law firm to take all legal action, including placing a lien and foreclosing on its lien to collect the unpaid assessment.

(Exhibit "A") (emphasis added).

84.     The September 8, 2014 Collection Letter expressly states that a Lien will be placed against the Plaintiff's home 30 days "following the date of this letter."

85.     The language in the Collection Letter regarding when the lien will be placed against Plaintiff's home is unlawful pursuant to Florida law, specifically § 718.121, Fla. Stat.

86.     In Florida, a condominium association and its debt collectors cannot file a lien on a condominium unit "until 30 days after the date on which a notice of intent to file a lien has been <u>delivered</u> to the owner ... ." Fla. Stat. § 718.121.  By misrepresenting the law regarding when it could file a lien against Plaintiff's home, COBB COLE has violated § 1692e, e(5), and e(10).

87.     COBB COLE relies on its Collection Letters to mislead, threaten and scare consumers into paying amounts (whether lawful or unlawful), by threatening to place a lien on their home before the 30 day time period set forth in § 718.121, Fla. Stat. has expired.  This conveys a "false sense of urgency" to the consumer, and constitutes an unlawful threat under the FDCPA.

88. By falsely threatening to place a lien in 30 days after the date of the Collection Letter, and not in 30 days after receipt of the Collection Letter, COBB COLE has violated 15 U.S.C. § 1692e, which prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt."

89. In addition, COBB COLE's conduct violates 15 U.S.C. § 1692e(5), which prohibits threats from debt collectors of any action that "cannot legally be taken," and 15 U.S.C. § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

90. As a direct and proximate result of COBB COLE's violations, Plaintiff and Class members have been harmed. Plaintiff and Class members are entitled to actual and statutory damages under 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

91. Plaintiff has retained the undersigned attorneys for the purposes of pursuing this matter against COBB COLE and is obligated to pay his attorneys a reasonable fee for services.

## COUNT IV: VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT ("FCCPA")
### (Class Claim Against COBB COLE)

92. Plaintiff, on behalf of herself and all others similarly situated, repeats and re-alleges each and every allegation contained in paragraphs 1 through 39 above as if fully set forth herein.

93. "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Co. of Jacksonville, 338 So. 2d 196, 200-01 (Fla. 1976).

94.     At all times material herein, Plaintiff and the Class members were "debtors" as defined by Fla. Stat. § 559.55(2).

95.     At all times material herein, Plaintiff's debt and the debt of the Class members were "debts" or "consumer debts" as defined by Fla. Stat. § 559.55(1).

96.     At all times material herein, COBB COLE was a "person" as referred to under Fla. Stat. § 559.72.

97.     The FCCPA uses the same definitions as the Fair Debt Collection Practices Act (FDCPA) for "consumer", "debt collector", and "debt or consumer debt". Fla. Stat. §§ 559.55(1), (2), and (6). The FCCPA expressly recognizes its interplay with the FDCPA, stating that "[t]his part is in addition to the requirements and regulations of the federal act", and directs that "[i]n the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. §559.552. The FCCPA reaches further than the FDCPA in that the FCCPA's list of prohibited actions applies not just to debt collectors but to any person collecting consumer debts. Fla. Stat. §§559.72 and 559.77.

98.     Among the FCCPA's enumerated prohibitions, the relevant parts are as follows:

Prohibited practices generally. In collecting consumer debts, no person shall:

(7) "... willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72(7) and (9).

99.     COBB COLE sent Plaintiff and Class members a similar, if not identical Collection Letter.

100.    The September 8, 2014 Collection reads in pertinent part:

The Admiralty Club will place a lien upon your unit thirty (30) days <u>following the date of this letter</u>. The Admiralty Club has authorized this law firm to take all legal action, including placing a lien and foreclosing on its lien to collect the unpaid assessment.

Exhibit "A") (emphasis added).

101.    The September 8, 2014 Collection Letter expressly states that a Lien will be placed against the Plaintiff's home 30 days "following the date of this letter."

102.    The language in the Collection Letter regarding when the lien will be placed against Plaintiff's home is unlawful pursuant to Florida law, specifically § 718.121, Fla. Stat.

103.    In Florida, a condominium association and its debt collectors cannot file a lien on a condominium unit "until 30 days after the date on which a notice of intent to file a lien has been <u>delivered</u> to the owner ... ." Fla. Stat. § 718.121. By misrepresenting the law regarding when it could file a lien against Plaintiff's home, COBB COLE engaged in conduct reasonably expected to abuse or harass Plaintiff and the Class, in violation of §559.72(7).

104.    In addition, COBB COLE violated § 559.72(9) by asserting the existence of a legal right that does not exist, since the time period for placing a lien on Plaintiff's home was shortened by the Collection Letter's language.

105.    COBB COLE relies on its Collection Letters to mislead, threaten and scare consumers into paying amounts (whether lawful or unlawful), by threatening to place a lien on their home before the 30 day time period set forth in § 718.121, Fla. Stat. has expired. This conveys a "false sense of urgency" to the consumer, and constitutes an unlawful threat under the FCCPA.

106.    By falsely threatening to place a lien in 30 days after the date of the Collection Letter, and not in 30 days after receipt of the Collection Letter, COBB COLE has violated §§ 559.72(7) and (9).

107.    As a direct and proximate result of COBB COLE's FCCPA violations, Plaintiff and the Class have been harmed. Plaintiff and the Class are entitled to actual damages, statutory damages, and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

108.    In addition, Plaintiff and the Class seek a permanent injunction prohibiting COBB COLE from sending out Collection Letters similar to Exhibit A in the manner described above.

## COUNT V: INDIVIDUAL CLAIM FOR VIOLATION OF THE FCCPA
### (Against ACCA only)

109.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 39 above as if fully set forth herein.

110.    "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Co. of Jacksonville, 338 So. 2d 196, 200-01 (Fla. 1976)

111.    At all times material herein, Plaintiff and the Class members were "debtors" as defined by Fla. Stat. § 559.55(2).

112.    At all times material herein, Plaintiff's debt and the debt of the Class members were "debts" or "consumer debts" as defined by Fla. Stat. § 559.55(1).

113.    At all times material herein, ACCA was a "person" as referred to under Fla. Stat. § 559.72.

114.    Among the FCCPA's enumerated prohibitions, the relevant parts are as follows:

Prohibited practices generally. In collecting consumer debts, no person shall:

(7) "… willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72(7) and (9).

115.   ACCA sent (or caused to be sent), Plaintiff and Class members a similar, if not identical Collection Letter.

116.   The September 8, 2014 Collection Letter reads in pertinent part:

The Admiralty Club will place a lien upon your unit thirty (30) days <u>following the date of this letter</u>. The Admiralty Club has authorized this law firm to take all legal action, including placing a lien and foreclosing on its lien to collect the unpaid assessment.

(Exhibit "A") (emphasis added).

117.   The September 8, 2014 Collection Letter expressly states that a Lien will be placed against the Plaintiff's home 30 days "following the date of this letter."

118.   The language in the Collection Letter regarding when the lien will be placed against Plaintiff's home is unlawful pursuant to Florida law, specifically § 718.121, Fla. Stat.

119.   In Florida, a condominium association and its debt collectors cannot file a lien on a condominium unit "until 30 days after the date on which a notice of intent to file a lien has been delivered to the owner … ." By misrepresenting the law regarding when it could file a lien against Plaintiff's home, ACCA engaged in conduct reasonably expected to abuse or harass Plaintiff and the Class, in violation of §559.72(7).

120.   In addition, ACCA violated § 559.72(9) by asserting the existence of a legal right that does not exist, since the time period for placing a lien on Plaintiff's home was shortened by the Collection Letter's language.

121.    ACCA relies on its Collection Letters to mislead, threaten and scare consumers into paying amounts (whether lawful or unlawful), by threatening to place a lien on their home before the 30 day time period set forth in § 718.121, Fla. Stat. has expired.  This conveys a "false sense of urgency" to the consumer, and constitutes an unlawful threat under the FCCPA.

122.    By falsely threatening to place a lien in 30 days after the date of the Collection Letter, and not in 30 days after receipt of the Collection Letter, Defendants have violated §§ 559.72(7) and (9).

123.    As a direct and proximate result of ACCA's FCCPA violations, Plaintiff and the Class have been harmed.  Plaintiff and the Class are entitled to actual damages, statutory damages, and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

124.    In addition, Plaintiff and the Class seek a permanent injunction prohibiting ACCA from sending out Collection Letters similar to Exhibit A in the manner described above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter an Order:

a.    Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as class representative, and appointing the undersigned as Class Counsel;

b.    Adjudging that COBB COLE violated the FDCPA sections enumerated above, and awarding Plaintiff and Class members actual damages and statutory damages (in the amount of $1,000.00 per class member) pursuant to 15 U.S.C. § 1692k;

c.    Adjudging that COBB COLE violated the FCCPA sections enumerated above, and awarding Plaintiff and Class members actual damages and statutory damages (in the amount of $1,000.00 per class member) pursuant to Fla. Stat. § 559.77(2);

d.       Permanently enjoining COBB COLE from sending collection Letters and Notices similar to Exhibit A in the manner described in this lawsuit;

e.       Permanently enjoining Defendants from threatening Plaintiff and the Class in the manner described in this lawsuit;

f.       Awarding Plaintiff, and all those similarly situated, reasonable attorney's fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77(2);

g.       Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

h.       Awarding Plaintiff individual damages, including actual and statutory damages, and attorney's fees and costs, pursuant to the FDCPA, for ACCA's conduct as explained above; and

i.       Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all counts so triable.

DATED: May 26, 2015.                    VARNELL & WARWICK, P.A.


By: /s/ Brian W. Warwick
   BRIAN W. WARWICK, FBN: 0605573
   bwarwick@varnellandwarwick.com (Primary)
   STEVEN T. SIMMONS, JR., FBN: 0091654
   ssimmons@varnellandwarwick.com (Primary)
   JANET R. VARNELL, FBN: 0071072
   jvarnell@varnellandwarwick.com (Primary)
   P.O. Box 1870
   Lady Lake, FL 32158
   Telephone: (352) 753-8600
   Facsimile: (352) 504-3301


   *Attorneys for Plaintiff*