UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOY STEINBAUGH, on behalf of herself
and all others similarly situated,

        Case No.: 6:15-cv-861-orl 41 TBS

        Plaintiff,

v.

COBB & COLE, P.A., a Florida Corporation,
and ADMIRALTY CLUB CONDOMINIUM
ASSOCIATION, INC., a Florida Corporation,

        Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT, ADMIRALTY CLUB CONDOMINIUM ASSOCIATION, INC.'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT AND MOTION TO STRIKE**

Plaintiff, Joy Steinbaugh, by and through her undersigned counsel, hereby files this Response in Opposition to Defendant Admiralty Club Condominium Association, Inc.'s (hereinafter "ACCA") Motion to Dismiss Plaintiff's Class Action Complaint and Motion to Strike [Doc. 12].  Plaintiff respectfully requests that this Court deny ACCA's Motion to Dismiss, and in support thereof, states:

**I.    INTRODUCTION**

This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), and Florida Consumer Collection Practices Act ("FCCPA").  Plaintiff filed her Class Action Complaint on May 28, 2015, alleging five causes of action: class-wide violations of the FDCPA and FCCPA against Defendant Cobb & Cole, P.A. ("COBB COLE") (Counts I, II, III and IV); and one individual cause of action for violation of the FCCPA against ACCA (Count V).  As stated below, ACCA moves to strike any class allegations made against it in Count V.  Plaintiff concedes that she does not seek class action status for the claim she alleges against ACCA, and

therefore states that any references to class allegations in Count V should be stricken as a scrivener's error. On the other hand, ACCA makes two additional arguments as to why Count V should be dismissed. First, ACCA makes the ill-fated argument that this Court lacks jurisdiction to hear Plaintiff's state law claim (FCCPA - Count V). Second, ACCA asserts that Plaintiff has failed to state a cause of action for violation of the FCCPA. Because ACCA's arguments fail for the reasons stated below, its motion must be denied.

## II.     LEGAL STANDARD

When ruling on a motion to dismiss, the Court must accept all facts alleged as true and the complaint must be construed in the light most favorable to the plaintiff. Monilisa Collection, Inc. v. Clarke Products, Inc., 2011 WL 2893630, at *1 (M.D. Fla. July 20, 2011). A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint and is not intended as a vehicle to decide the merits of the case. Id. (citing Milbum v. United States, 734 F.2d 762, 765 (11th Cir. 1984)). Further, the Court must limit its consideration to the pleadings and any exhibits attached thereto. Id. In addition, in reviewing a motion to dismiss, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief" so that the defendant is provided fair notice of the claim and the grounds upon which it rests. Woolington v. 1st Orlando Real Estate Servs., Inc., 2011 WL 3903252, at *2 (M.D. Fla. Sept. 6, 2011) (quoting U.S. v. Baxter Intern., Inc., 345 F.3d 866, 880 (11th Cir. 2003)). "A motion to dismiss may be granted only when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Leblanc v. Advance Credit Corp., 2007 WL 141173, at *2 (M.D. Fla. Jan. 16, 2007).

**III.     MEMORANDUM OF LAW**

In response to Plaintiff's Complaint, ACCA filed a Motion to Dismiss and Motion to Strike [Doc. 12] on July 23, 2015. As part of its Motions, ACCA argues that (1) the Court lacks subject matter jurisdiction over Count V; (2) Plaintiff has failed to state a cause of action under Count V; and (3) Plaintiff's class-wide allegations in Count V must be stricken. As to the third argument, Plaintiff concedes that any class-wide allegations regarding Count V should be removed.[1] Because ACCA's two remaining arguments fail, the Motion to Dismiss must be denied.

**A.     This Court Has Subject Matter Jurisdiction Over Plaintiff's FCCPA Claim**

First, ACCA argues that the Court lacks subject matter jurisdiction over Plaintiff's state law claims against ACCA. However, subject matter jurisdiction exists pursuant to 28 U.S.C. § 1367 since Plaintiff's state law claims for violation of the FCCPA (the FDCPA's state counterpart) arise from the same set of facts and are related to Plaintiff's federal debt collection claims.[2] See Smith v. Royal Oak Financial Services, Inc., 2012 WL 3290153, *2 (M.D. Fla. June 18, 2012) (holding that Court has supplemental jurisdiction over plaintiff's FCCPA claim where FDCPA is also alleged); Kaplan v. Assetcare, Inc., 88 F.Supp. 2d 1355 (S.D. Fla. 2000) (exercising supplemental jurisdiction over FCCPA claim when FDCPA claim was alleged).

The Court in Leblanc v. Advance Credit Corp. discussed the interplay between FDCPA and FCCPA claims in the context of subject matter jurisdiction, and held that supplemental

---

[1] Plaintiff admits that any mention of class allegations in Count V against ACCA constitutes a mere scrivener's error, and should be removed from the Complaint. Although Plaintiff's claim against ACCA arises from the same set of facts as the claims against COBB COLE, it is not alleged as a class-wide claim.

[2] Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1692k(d) for Plaintiff's FDCPA claims against Defendant COBB COLE.

jurisdiction exists when a plaintiff's FCCPA claim arises from the same nucleus of facts as his FDCPA claim, even if involving different parties. There, the Court stated in pertinent part:

> The constitutional "case or controversy" standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim. *Id., citing United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *see also Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians,* 177 F.3d 1212 (11th Cir.1999). Claims arising from a "common nucleus of operative fact" necessarily involve "the same witnesses, presentation of the same evidence, and determination of the same, or very similar facts." *Palmer,* 22 F.3d at 1563-64.
>
> **Here, Plaintiff's state law claims under the FCCPA arise out of the same nucleus of facts as Plaintiff's federal FDCPA claims against Defendants**. Both the federal and state claims are based on letters that are substantially similar in both form and content. Each letter attempts to collect the same debt from Plaintiff (Dkt.1, Ex. A-J). *See, e.g., Palmer,* 22 F.3d at 1563 (holding that a federal court may exercise supplemental jurisdiction over state claims which involve the same evidence and determination of the same, or very similar, facts); *Lucero,* 121 F.3d at 598 (holding that a federal court may exercise supplemental jurisdiction where both the federal claim and state claims rely on the identical actions of the defendants). **It is of no consequence that the parties to the FDCPA claims may differ from the parties to the FCCPA claims; "it is clear from section 1367 itself that the parties to the federal and supplemental claims need not be identical in order for supplemental jurisdiction to lie**." *Tamiami Partners, Ltd.,* 177 F.3d at 1224.

Leblanc, No. 8:06CV747 T27EAJ, 2007 WL 141173, at *3-4 (M.D. Fla. Jan. 16, 2007) (emphasis added).

In this matter, Plaintiff has alleged that ACCA violated the FCCPA by sending or authorizing Defendant COBB COLE to send on its behalf a collection letter to Plaintiff dated September 8, 2014. [Doc. 1, ¶ 115.] The collection letter unlawfully misrepresents the law regarding when ACCA could file a lien against Plaintiff's home, which in turn illegally shortened the time period provided by Fla. Stat. § 718.121. [Doc. 1, ¶ 121.] Importantly, the allegations made by Plaintiff against ACCA are substantially similar to the allegations made against COBB COLE, and arise out of the same nucleus of facts. Simply put, Plaintiff's

individual claim against ACCA under the FCCPA will rely on the same set of underlying facts and standardized documents that make up Plaintiff's federal and state law claims against COBB COLE.  Therefore, in accordance with Leblanc, supplemental jurisdiction is appropriate under 28 U.S.C. § 1367, and ACCA's motion to dismiss on this basis should be denied.

    **B.**    **Plaintiff Has Stated A Cause of Action Against ACCA Under The FCCPA**

ACCA next argues that Plaintiff has failed to state a cause of action against ACCA under the FCCPA.  Specifically, ACCA argues that Plaintiff has failed to plead facts which demonstrate ACCA "had knowledge that it was pursuing a debt that it was not legally entitled to."  [Doc. 12, p. 7.]  However, ACCA has failed to demonstrate beyond doubt that the Plaintiff can prove no set of facts in support of her claim which would entitle her to relief.  Further, ACCA's argument fails because Plaintiff has sufficiently pleaded a cause of action under the FCCPA.

Here, Plaintiff has alleged that:

- ACCA sent (or caused to be sent), the September 8, 2014 Collection Letter attached to the Complaint as Exhibit A  [Doc. 1, ¶ 115];

- The Collection Letter states that "[ACCA] will place a lien upon your unit thirty (30) days following the date of this letter." [¶ 15];

- The Collection Letter states that "[ACCA] has authorized this law firm to take all legal action, including placing a lien and foreclosing on its lien to collect the unpaid assessment." [¶ 15];

- Florida Statutes Chapter 718 governs condominium assessments and liens, and requires ACCA to strictly adhere to its provisions [¶¶ 25, 118-119];

- "At all material times, ACCA was aware of COBB COLE's actions and was aware that COBB COLE was acting as its agent." [¶ 28];

- "ACCA violated § 559.72(9) by asserting the existence of a legal right that does not exist, since the time period for placing a lien on Plaintiff's home was shortened by the Collection Letter's language." [¶ 120]; and

5

- ACCA falsely threatened to place a lien in 30 days after the date of the Collection Letter, and not in 30 days after receipt of the Collection Letter, in violation of sections 559.72(7) and (9) [¶ 122].

The above allegations support Plaintiff's position that ACCA violated the FCCPA. At this stage of the case, ACCA cannot establish beyond doubt that Plaintiff cannot provide any set of facts that would support her claim against FCCPA.

Importantly, other federal courts have denied motions to dismiss based on the same arguments. In <u>Kaplan v. Assetcare, Inc.</u>, 88 F. Supp. 2d 1355 (S.D. Fla. 2000), the court denied the defendants' motion to dismiss plaintiffs' FCCPA claim and stated in pertinent part:

> It is clear that the FCCPA requires an allegation of knowledge or intent by the debt collector in order to state a cause of action. **Plaintiffs have argued that the required knowledge can be imputed to Assetcare and Equifax through agency theory.** The complaint alleges that Defendants Assetcare, Equifax, Columbia Aventura, Miami, and Columbia/HCA were "acting jointly and in concert in circumvention of § 641.315" and that "each Defendant was the agent or employee of each of the other Defendants." Second Amended Class Action Complaint, ¶ 35–36. **At this stage of the proceedings, the court cannot say that it appears beyond doubt that the plaintiffs can prove no set of facts that would support their claims**. *See M/V Sea Lion v. Reyes,* 23 F.3d 345, 347 (11th Cir.1994). Therefore, defendants' motion to dismiss based on insufficient allegations of knowledge is denied.

88 F. Supp. 2d at 1363 (emphasis added). Likewise, the court in <u>Neptune v. Whetstone Partners, LLC</u>, 34 F. Supp. 3d 1247, 1251 (S.D. Fla. 2014) also denied a motion to dismiss based on similar violations of the FCCPA. There, the court held that the plaintiff had sufficiently alleged a violation of section 559.72(9) by alleging the defendant attempted to collect payments from him that were not yet due, and stated in pertinent part:

> Defendant argues in its motion to dismiss that Plaintiff has failed to allege a legal right that did not exist and knowledge by Defendant. The Court disagrees. Plaintiff alleges that he procured a loan with Defendant, for which payment was to be made by the Plaintiff on the 17th of each month for the term of one year. Plaintiff has sufficiently alleged knowledge by Defendant of when Plaintiff's monthly payment was due. Plaintiff also sufficiently alleges that Defendant was attempting to collect payments from him when they were not yet due, *i.e.,* that

> Defendant was asserting a legal right that did not exist. Accordingly, Defendant's motion to dismiss the claim for violation of section 559.72(9) of the FCCPA shall be denied.

Neptune, 34 F. Supp. 3d at 1251. (S.D. Fla. 2014).

Like the plaintiffs in Kaplan and Neptune, Plaintiff has sufficiently alleged that ACCA had the requisite knowledge required to establish individual violations of the FCCPA. In fact, the collection letter at issue expressly states that ACCA will be taking the unlawful action complained about, and that ACCA has authorized the actions of COBB COLE. See [Doc. 1, ¶ 15.] For this reason alone, Plaintiff has sufficiently alleged a claim under the FCCPA (Count V) against ACCA. Therefore, ACCA's motion to dismiss must be denied.

## IV.     CONCLUSION

Plaintiff concedes that any class-wide allegations stated in Count V should be removed and/or stricken from the Complaint. However, for the reasons stated above, ACCA's motion to dismiss must be denied.

Dated: August 6, 2015                                    Respectfully submitted,

/s/ Brian W. Warwick
Brian W. Warwick (0605573)
Janet R. Varnell (0071072)
Steven T. Simmons, Jr. (0091654)
**VARNELL & WARWICK, P.A.**
P.O. Box 1870
Lady Lake, Florida 32158
(352) 753-8600
(352) 504-3301
bwarwick@varnellandwarwick.com
jvarnell@varnellandwarwick.com
ssimmons@varnellandwarwick.com
kstroly@varnellandwarwick.com

*Counsel for Plaintiff*

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 6, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Bradley S. Fischer
Lewis Brisbois Bisgaard & Smith LLP
110 SE 6th Avenue, Suite 2600
Fort Lauderdale, FL  33301
Bradley.fischer@lewisbrisbois.com

*Counsel for Defendant Cobb & Cole, PA*

Alejandro Tirado-Luciano, Esq.
atl@lydeckerdiaz.com
Alan S. Feldman, Esq.
af@lydeckerdiaz.com
LYDECKER | DIAZ
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131

*Counsel for Admiralty Club Condominium Association, Inc.*

/s/ Brian W. Warwick
Brian W. Warwick