UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOY STEINBAUGH, on behalf of herself
and all others similarly situated,

           Plaintiff,

v.

Case No.: 6:15-cv-861-orl 41 TBS

COBB & COLE, P.A., a Florida Corporation,
and ADMIRALTY CLUB CONDOMINIUM
ASSOCIATION, INC., a Florida Corporation,

           Defendants.
_____/

## PLAINTIFF'S MOTION TO STRIKE COBB & COLE, P.A.'S AFFIRMATIVE DEFENSES

Plaintiff, by and through her undersigned counsel, and on behalf of all others similarly situated, moves this Court to strike certain affirmative defenses filed by Defendant COBB & COLE, P.A. ("COBB COLE") in its answer to Plaintiff's Class Action Complaint.

**I.    INTRODUCTION**

The Complaint in this matter alleges that COBB COLE violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, § 559.55 *et seq.*, Fla. Stat. ("FCCPA"), by sending Plaintiff a debt collection letter which unlawfully requires Plaintiff to dispute her alleged debt in writing, by artificially shortening the 30 day time period to dispute the debt, and misrepresenting the law regarding when a lien could be filed. [Doc. 1.] On July 16, 2015, COBB COLE filed its answer to same. [Doc. 10.] Plaintiff takes issue with all of COBB COLE's affirmative defenses raised as well as the demand for attorney's fees and costs, as they are improperly pled; insufficient as a matter of law; or scandalous and improper.

## II.     PLEADING STANDARD

Under Rule 12(f), the court may strike from any pleading any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f).  Motions to strike affirmative defenses are properly granted when, on the face of the pleadings, are patently frivolous, or the purported defense is insufficient as a matter of law.  E.g., Muschong v. Millennium Phys. Group, LLC, 2014 WL 3341142, *1 (M.D. Fla. July 8, 2014).

Further, affirmative defenses are insufficient as a matter of law if they fail to meet the general pleading requirements of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" of the asserted defense. See Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005); Merrill Lynch Bus. Fin. Servs. v. Performance Mach. Sys., No. 04-60861-CIV, 2005 WL 975773, at *11 (S.D. Fla. Mar. 4, 2005) (affirmative defenses are subject to the general pleading requirements of Rule 8(a) "and will be stricken if they fail to recite more than bare-bones conclusory allegations"). "Additionally, although an affirmative defense 'does not need detailed factual allegations, [it] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " Mid-Continent Cas. Co. v. Active Drywall S., Inc., 765 F. Supp. 2d 1360, 1361 (S.D. Fla. 2011) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see also Castillo v. Roche Laboratories Inc., No. 10-20876-CIV, 2010 WL 3027726 (S.D. Fla. Aug. 2, 2010) (applying Twombly's heightened pleading standard to affirmative defenses); Home Mgmt. Solutions, Inc. v. Prescient, Inc., No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing not only 'fair notice' of the nature of the defense, but

also 'grounds' on which the defense rests") (brackets omitted) (quoting Twombly, 550 U.S. at 556 n.3).

III.     ARGUMENT

COBB COLE alleges nine affirmative defenses, all of which fail to meet the pleading standard required of affirmative defenses, and which also fail as a matter of law.

   A.     **First Affirmative Defense:  Failure to State a Cause of Action**

COBB COLE's first affirmative defense alleges that "each and every purported cause of action ... fails to state facts sufficient to constitute a cause of action."  This one-sentence affirmative defense is vague and does not provide Plaintiff with sufficient information upon which to prepare a response, and does not provide Plaintiff with fair notice.  See Tara Productions, Inc. v. Hollywood Gadgets, Inc., 2009 WL 4800542, *2 (S.D. Fla. Dec. 11, 2009) (granting plaintiff's motion to strike affirmative defenses on grounds that defendant's one-sentence failure to state a cause of action affirmative defense is vague and does not provide plaintiff with fair notice or sufficient information to prepare a response).  COBB COLE has failed to allege any facts to support its first affirmative defense, and therefore, the defense must be stricken.

   B.     **Second and Third Affirmative Defenses: Acting in Good Faith and Without Malice**

COBB COLE's second and third affirmative defenses allege that it acted "lawfully and within its legal rights," in "good faith," and without "malice, intent or ill will."  These allegations fail as a matter of law because the statutes at issue are strict liability statutes with only one exception, the bona fide error defense.  See McCorriston v. L.W.T., Inc., 536 F.Supp. 2d 1268, 1277 at n.8 (M.D. Fla. 2008) ("the FDCPA is a strict liability statute"); Owen v. I.C. Sys., Inc., 629 F.3d 1263, 1271 (11th Cir. 2011) ("FDCPA affords a narrow carve-out to the general rule of

strict liability, known as the 'bona fide error' defense"). "The FDCPA typically subjects debt collectors to liability even when violations are not knowing or intentional." Owen, 629 F.3d at 1270.

Under the statutory construction doctrine, *unius est exclusio*, Congress' creation of the "bona-fide error" affirmative defense, and no other, within the FDCPA[1] creates a strong presumption that this statutory exception was included to the exclusion of any other possible affirmative defenses. Howlett v. Rose, 496 U.S. 356, 375 (1990) ("The elements of, and the defenses to, a federal cause of action are defined by federal law."). Here, whether COBB COLE acted in good faith and without malice has no effect on the violations alleged, since once the collection letter at issue was sent by COBB COLE, the damage was done. COBB COLE's violation of the FDCPA and FCCPA make it liable to Plaintiff for actual and statutory damages. Therefore, COBB COLE's second and third affirmative defenses must be stricken. In the alternative, should COBB COLE rely on any facts that it claims establishes its violations of the FDCPA and FCCPA were "not intentional," Plaintiff would demand that COBB COLE re-plead such facts with more particularity and appropriately put Plaintiff on notice.

**C. Fourth and Fifth Affirmative Defenses: Bona Fide Errors and Reasonable Procedures**

COBB COLE's Fourth and Fifth Affirmative Defenses are purportedly brought pursuant to the FDCPA, 15 U.S.C. §1692k(c) and the FCCPA, § 559.77, Fla. Stat., regarding the "bona fide error" defense. As stated above, the bona fide error defense is the only defense available to COBB COLE under the FDCPA and FCCPA, and must be plead with specificity as to the three elements required. See Owen, 629 F.3d at 1271 ("a debt collector bears a three-part burden of showing that its FDCPA violation (1) was 'not intentional'; (2) was a 'bona fide error'; and (3)

---
[1] And the Florida Legislature's "bona-fide error" defense to the FCCPA.

occurred despite the maintenance of procedures 'reasonably adapted to avoid any such error.'"). However, COBB COLE's Fourth and Fifth Affirmative Defenses merely restate the language of the statute, and are insufficient under Fed. R. Civ. P. 9(b). Rule 9(b) provides:

> In alleging fraud or *mistake*, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

(Emphasis added). For all averments of fraud or mistake, the circumstances constituting fraud or mistake "must" be stated with particularity. Leatherman v. Tarrant Co. Narcs. Intel. & Coordination Unit, 507 U.S. 163, 168 (1993). "Particularity" as used in Rule 9(b) means "the who, what, when, where, and how of the mistake: the first paragraph of any newspaper story." GE Capital Corp. v. Lease Res. Corp., 128 F. 3d 1074, 1078 (7th Cir. 1997). Merely parroting the language of the statute cannot possibly be sufficient under this standard. The defense, as pleaded, provides no insight at all as to what the defense, if any, will be.

Plaintiff believes the "bona fide error" defense does not apply in this case, since COBB COLE intentionally inserted offensive language into its collection letters. However, as this case has just begun, Plaintiff believes that it would be proper to permit COBB COLE to re-plead the bona fide error defense so that it comports with Rule 9(b) if it believes the circumstances warrant the defense. However, merely asserting a potential affirmative defense without any factual support is improper. See Aluia v. Dyck-O'Neal, Inc., 2015 WL 4349090, *2 (M.D. Fla. July 14, 2015) (granting plaintiff's motion to strike bona fide error defense); Schmidt v. Synergetic Comms. Inc., 2015 WL 997828, *2 (M.D. Fla. 2015) (Steele, J.) (granting plaintiff's motion to strike bona fide error defense).

### D. Sixth Affirmative Defense: Failure to Mitigate Damages

Defendant's sixth affirmative defense asserts that Plaintiff failed to mitigate her damages. Not only is this defense not properly pled, it cannot stand as a matter of law to the allegations against COBB COLE in this case. Plaintiff has alleged violations of the consumer protection statutes by the conduct of COBB COLE in sending debt collection letters. Plaintiff had no control over COBB COLE's own actions and could not prevent them. Once the letters were sent and received, the damage was done and it was impossible for Plaintiff to mitigate any damages.

In a similar consumer protection statute action concerning a junk fax Telephone Consumer Protection Act ("TCPA") case, District Judge Gettleman stated with respect to a failure to mitigate defense that such an assertion is "[n]onsense. Mitigation of damages is not a defense under the TCPA, and each instance of a violation is independently actionable." Holtzman v. Turza, 2010 WL 4177150, at *5 (N.D. Ill.). Like the TCPA, each violation of the FDCPA and FCCPA is actionable and Plaintiff is entitled to statutory damages for each violation proved.

Further, and as stated above in section II, B, Congress' creation of the "bona-fide error" affirmative defense, and no other, within the FDCPA creates a strong presumption that this statutory exception was included to the exclusion of any other possible affirmative defenses. The same holds true with Florida's state law counterpart, as it also provides only a "bona fide error" defense. See § 559.77(3), Fla. Stat.[2]. Because the FDCPA and FCCPA are strict liability statutes, there is no basis to permit COBB COLE to assert failure to mitigate as a defense and it should be stricken.

---

[2] See also § 559.77(5) (stating that due consideration and great weight shall be given to the interpretations of the Federal Act); § 559.552 (interpreting provisions in a light "more protective of the consumer.").

### E. Seventh Affirmative Defense: The Alleged Debt Is Not A Debt Under the FDCPA and FCCPA

COBB COLE's seventh affirmative defense states: "Defendant alleges that the subject debt is not a consumer debt as defined in the alleged statutes." COBB COLE cites no facts to support its conclusory allegation. Regardless, this affirmative defense is improper and is directly rebutted by the collection letter at issue in this case, which was drafted by COBB COLE. For example, the collection letter (attached to Complaint as Exhibit A), which is titled "Notice of Intent to Lien for Unpaid Assessments," provides in pertinent part:

> The law firm of Cobb Cole has the privilege of representing Admiralty Club Condominium Association ("Admiralty Club"). The Admiralty Club has contacted us regarding enforcement of its **condominium association fees and assessments**. Your **assessments** ... are in arrears.
>
> Your **assessments are now seriously overdue** and your unit is subject to having a lien placed on it. ... The Admiralty Club has authorized this law firm to take all legal action, including placing a lien and foreclosing on its lien to collect its **unpaid assessment**.

(Emphasis Added). Because the plain language of the debt collection letter as referenced in Plaintiff's Complaint shows that Plaintiff's alleged debt was for condominium maintenance assessments, the alleged debt is a "consumer debt" under the FDCPA. See Fuller v. Becker & Poliakoff, P.A., 192 F.Supp. 2d 1361, 1368 (M.D. Fla. 2002) (holding that past-due homeowner's assessments are debts under the FDCPA); Wright v. Bush Ross, P.A., 2008 WL 190466, at *3 (M.D. Fla. Jan. 18, 2008) (holding that condominium owner's assessments qualify as "debt" under the FCCPA). For this reason, COBB COLE's seventh affirmative defense fails as a matter of law and must be stricken.

### F. Eighth Affirmative Defense: COBB COLE Is Not A Debt Collector

COBB COLE's eight affirmative defense states that COBB COLE is not a debt collector "within the meaning of the alleged statutes." Not only does this statement fail to plead the

necessary information needed to make this defense, it fails as a matter of law. A "debt collector" is defined under the FDCPA as those persons who "regularly collec[t] or attempt[t] to collect, directly or indirectly, [consumer] debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a). The Supreme Court has stated that by amending the statute to remove the attorney exemption, Congress intended that the FDCPA apply to "attorneys who 'regularly' engage in consumer-debt-collection activity." Heinz v. Jenkins, 115 S.Ct. 1489, 1493 (1995).

Defendant COBB COLE is comprised of attorneys who do collection and foreclosure work.[3] Plaintiff's Complaint sufficiently alleges that COBB COLE "regularly collects debts on behalf of others, including but not limited to condominium and homeowner's associations." [Doc. 1, ¶ 7.] In addition, the collection letter at issue (Exhibit A to the Complaint) states that COBB COLE is attempting to collect a debt on behalf of a condominium association for past-due assessments. The letter also states, "we are hereby giving notice of our attempt to collect the debt, the amount of which is reflect in this letter, and any and all information obtained will be used for that purpose." Id. COBB COLE offers no specific facts to rebut Plaintiff's allegations and instead relies on the broad statement that it is not a debt collector.

Therefore, because COBB COLE has failed to allege facts to support its defense, and COBB COLE's own collection letter establishes that COBB COLE is attempting to collect consumer debts on behalf of others, COBB COLE qualifies as a "debt collector" under the FDCPA. COBB COLE's eighth affirmative defense must be stricken.

**G.   Ninth Affirmative Defense: Compliance With Statutes**

COBB COLE's last affirmative defense states that "it has complied with all requirements under relevant statutes and regulations." COBB COLE cites no facts to support its conclusory

---

[3] COBB COLE's website lists collection and foreclosure as its practice areas. Source: http://cobbcole.com/experience/practice/association-law.

8

allegation. This one-sentence affirmative defense is vague and does not provide Plaintiff with sufficient information upon which to prepare a response, and does not provide Plaintiff with fair notice. See Tara Productions, Inc., 2009 WL 4800542 at *2 (granting plaintiff's motion to strike affirmative defenses on grounds that defendant's one-sentence affirmative defense was vague and does not provide plaintiff with fair notice or sufficient information to prepare a response). COBB COLE has failed to allege any facts to support its ninth affirmative defense, and therefore, the affirmative defense must be stricken.

      **H.    COBB COLE's Request For Attorney's Fees and Costs Is Improper**

In this case, there is no proper purpose for the allegations in COBB COLE's demands; the allegations are scandalous because they improperly cast a negative light on Plaintiff and Plaintiff's counsel, and could negatively impact a jury. Furthermore, COBB COLE's allegations as to its request for "fees and costs" are legally insufficient under Rule 11, and premature at best, under 15 U.S.C. § 1692k(a)(3). Consequently, COBB COLE's demand and prayer for relief, which is only presented to harass, intimidate, and insult Plaintiff and her counsel, should therefore be stricken under Rule 12(f).

**IV.    CONCLUSION**

For the above stated reasons, Plaintiff respectfully requests that COBB COLE's Affirmative Defenses and demand for fees and costs be stricken (with prejudice as to the First, Sixth, Seventh, Eighth and Ninth Affirmative Defenses and demand for fees) pursuant to Fed. R. Civ. P. 8, 9, and 12(f).

## **RULE 3.01(g) CERTIFICATION**

I HEREBY CERTIFY that on August 5, 2015, pursuant to Local Rule 3.01(g), undersigned did not receive consent from COBB COLE's counsel regarding the relief sought in this motion.

Dated: August 6, 2015                          Respectfully submitted,

/s/ Steven T. Simmons, Jr.
Brian W. Warwick (0605573)
Janet R. Varnell (0071072)
Steven T. Simmons, Jr. (0091654)
**VARNELL & WARWICK, P.A.**
P.O. Box 1870
Lady Lake, Florida 32158
(352) 753-8600
(352) 504-3301
*bwarwick@varnellandwarwick.com*
*jvarnell@varnellandwarwick.com*
*ssimmons@varnellandwarwick.com*
*kstroly@varnellandwarwick.com*

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 6, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Bradley S. Fischer
Lewis Brisbois Bisgaard & Smith LLP
110 SE 6th Avenue, Suite 2600
Fort Lauderdale, FL 33301
Bradley.fischer@lewisbrisbois.com

*Counsel for Defendant Cobb & Cole, PA*

Alejandro Tirado-Luciano, Esq.
atl@lydeckerdiaz.com
Alan S. Feldman, Esq.
af@lydeckerdiaz.com
LYDECKER | DIAZ
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131

*Counsel for Admiralty Club Condominium Association, Inc.*

/s/ Steven T. Simmons, Jr.
Steven T. Simmons, Jr.